UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ESTATE OF EDWARD GANT, III, *deceased*,  )
by LILLIAN GANT, Administrator, *et al.*,     )
    Plaintiffs,                                               )
                                                                      )
    v.                                                           )   CAUSE NO.: 2:24-CV-431-PPS-JEM
                                                                      )
ISIAH PRICE, *et al.*,                                    )
    Defendants.                                           )

## OPINION AND ORDER

This matter is before the Court on a Motion to Amend Original Complaint [DE 32] filed by Plaintiffs on September 30, 2025. Defendants filed a response in opposition on October 15, 2025, to which Plaintiffs replied on October 31, 2025.

### I.    Legal Standard

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

1

## II.      Analysis

Defendants object to (1) the addition of Tiffany Gant to this litigation, both as a plaintiff in her individual capacity and as a co-administrator of the estate plaintiff, and (2) the addition of two claims for violations of 42 U.S.C. § 1983.

### A.      Addition of Tiffany Gant

The proposed amended complaint adds Tiffany Gant as a co-administrator of the estate plaintiff. Defendants first argue that the Court should not allow Tiffany Gant to be added as a plaintiff in her individual capacity, but as Plaintiffs reply, the proposed pleading does not add her in her individual capacity, so this argument is moot.

Defendants also assert that the Court should not allow Tiffany Gant to be added as a Co-Administrator of the Estate of Edward Gant III. Notably, Tiffany Gant is not being added as a party in the proposed amended complaint; she is being added to the description of how the Estate (the true party in interest) is being administered. By all appearances, this change to the description is factually accurate: Plaintiffs present the order of the Lake County Superior Court is cause number 45D03-2302-ES-00027 appointing Tiffany Gant as Co-Administrator of the Estate of Edward Gant, III, on August 15, 2025. *See* [DE 32-5]. Adding Tiffany Gant as the Estate's Co-Administrator merely reflects the reality of the state court order and alters neither the fact that the claims are being brought on behalf of the Estate nor the nature of the claims themselves. The Court allows the addition of Tiffany Gant as Co-Administrator of the Estate.

### B.      Additional Claims

Defendants assert that the new claims that Plaintiffs wish to bring in the proposed amended complaint are futile. The original complaint brings claims under 42 U.S.C. § 1983 for unconstitutional seizure, excessive force, retaliation, violation of equal protection and due process,

2

and *Monell* liability, as well as a claim for indemnification. The new claims, also brought under § 1983, are for conspiracy to deprive constitutional rights and for failure to intervene. Defendants argue that the new claims are time-barred and fail to plead facts in support of the claims to make them plausible

For § 1983 claims, "the statute of limitations is determined by the law of the state in which the violation took place." *Hoagland v. Town of Clear Lake, Ind.,* 415 F.3d 693, 699-700 (7th Cir. 2005). Indiana's statute of limitations for personal injury claims applies here, and that limitations period is two years after accrual. Ind. Code § 34-11-2-4(a). No party challenges that the actions accrued on January 24, 2023.

Plaintiff argues that, although the amended complaint was filed more than two years after accrual, the new claims relate back to the date of the filing of the original complaint. Under Federal Rule of Civil Procedure 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This is the case here. All of the claims—both the original claims and the proposed new claims—arise out of the same allegations of an encounter between Edward Gant and Gary Police Officers during which the officers discharged their firearms, hitting Gant multiple times and killing him. The claims relate back and are not time-barred.

Defendants lastly maintain that amendment to add the conspiracy claim—but not the failure to intervene claim—is futile because it would not survive a motion to dismiss for failure to state a claim. An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *see also Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To state a claim under § 1983 for a conspiracy, a plaintiff must allege "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Here, Plaintiffs allege that the Defendant Officers agreed to deprive constitutional rights by agreeing to illegally seize Edward Gant by shooting his vehicle and person, thereby trapping him in his vehicle. Plaintiffs also allege that the Defendant Officers did, in fact, seize Gant in this manner. Plaintiffs have met their burden of alleging a conspiracy, so amending the complaint to add this claim is not futile.

### III. Conclusion

Based on the above, the Court **GRANTS** the Motion to Amend Original Complaint [DE 32] and **ORDERS** Plaintiffs to file their amended complaint by **November 24, 2025**.

SO ORDERED this 17th day of November, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record